277 So.2d 790 (1973)
Joe Louis DAVIS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 72-1002.
District Court of Appeal of Florida, Second District.
May 23, 1973.
*791 James A. Gardner, Public Defender, and W. Daniel Kearney, Asst. Public Defender, Bradenton, and Joe Louis Davis, Jr., in pro per.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., Tampa, for appellee.
LILES, Acting Chief Judge.
Appellant, Joe Louis Davis, Jr., was convicted by jury for the crime of breaking and entering an automobile with intent to commit a misdemeanor. Following the trial, the judge sentenced appellant to the state prison for a term of ten years. He filed his notice of appeal and this court affirmed. He has subsequently filed a CrPR 3.850, 33 F.S.A., motion alleging that his counsel was incompetent and that in plea negotiations he refused to accept a sentence of two and one half years. He asserts that since the maximum sentence was imposed after a two and one half year sentence was promised in plea negotiations the sentence was unconstitutional.
Appellant cites voluminous federal cases which correctly state the law to the effect that a trial judge may not penalize a defendant for not admitting guilt and also that the imposition of a heavier sentence upon re-conviction after the granting of a new trial "chills the exercise of basic constitutional rights." This, of course, is good law and is the law of Florida as well as federal law. While we have great respect for the federal courts, we find nothing in the cases cited requiring an appellate court, be it federal or state, to remand for resentencing instituting a two and one half year sentence on the mere allegation that somebody, somewhere, in some conversation promised this defendant only two and one half years.
The record in no way supports a promise from the trial judge, nor does appellant's brief urge that such a promise was made. He simply says, "On September 27, 1972, defendant filed a motion to vacate, alleging that he was sentenced to ten years, because he refused to accept the negotiated plea to receive a sentence of 2 1/2 years." We do not know who made this promise or whether in fact such a promise was made. A mere allegation, without more, is not a sufficient showing to justify an evidentiary hearing. See, Blackman v. State, 265 So.2d 734 (3d D.C.A.Fla. 1972); Weathington v. State, 262 So.2d 724 (3d D.C.A.Fla. 1972).
The assertion that incompetent counsel represented appellant is without merit. It is again only an allegation, unsupported by anything that happened at the trial and again does not support an evidentiary hearing.
The order below is hereby affirmed.
HOBSON and BOARDMAN, JJ., concur.