343 So.2d 90 (1977)
Earl STEFFENS, As Chief of Police, City of Miami Springs, Dade County, Florida, and Honorable William Fann, As Judge of the Municipal Court, City of Miami Springs, Dade County, Florida, Appellants,
v.
The STATE of Florida ex rel. Elsa Iris LUGO, Appellee.
No. 76-393.
District Court of Appeal of Florida, Third District.
March 8, 1977.
Weintraub & Weintraub, Miami, for appellants.
Jerome M. Rosenblum, Leonard Robbins, Hollywood, Robert L. Shevin, Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HUBBART, Judge.
This case is a petition for a writ of habeas corpus in which the petitioner was discharged from arrest and prosecution under a municipal ordinance. The respondents appeal.
The issue presented for review is whether a municipal ordinance which prohibits female waitresses, entertainers or other employees of a public business to expose themselves above the waist to the extent that the breasts are bare or so thinly covered by mesh, transparent net or lawn skin tight materials which are flesh colored and worn skin tight so as to appear uncovered is unconstitutional as being void for vagueness under the due process clause of the 14th Amendment to the United States Constitution and of Article I, Section 9, of the Florida Constitution (1968). We hold that such an ordinance is unconstitutional as being void for vagueness under the aforesaid federal and state constitutional provisions and affirm.
The petitioner-appellee [Elsa Iris Lugo] was arrested and charged with a violation *91 of Section 16-14.01 of the City of Miami Springs Municipal Code.[1] After having been released on bail, she was detained in the constructive custody of the respondent-appellant Chief of Police of the City of Miami Springs [Earl Steffens]. The petitioner thereafter filed a petition for a writ of habeas corpus in the Dade County Circuit Court against the respondent chief of police contending that her constructive custody was unlawful since it was accomplished under the above municipal ordinance which she alleged was unconstitutional.[2] The learned circuit judge below conducted a full hearing and entered a final order of discharge in favor of the petitioner on the ground that the above municipal ordinance was unconstitutional as being void for vagueness. We entirely agree.
The law is well-settled that a penal statute or ordinance which forbids the doing of an act in terms so vague that people of common intelligence must necessarily guess at its meaning and differ as to its application violates the due process clause of the 14th Amendment to the United States Constitution and Article I, Section 9, of the Florida Constitution (1968). Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); State ex rel. Lee v. Buchanan, 191 So.2d 33 (Fla. 1966). It is fundamental that such laws must be sufficiently definite in describing the conduct prohibited in order that the ordinary person may know how to comply with its provisions. McCall v. State ex rel. Daniels, 156 Fla. 437, 23 So.2d 492 (1945).
In view of the scanty female apparel which is now socially acceptable in public particularly on beaches, the description of the type of clothing forbidden by this ordinance is extremely unclear. Moreover, the ordinance does not limit the proscribed acts as to place. A female waitress might very well be in violation of this ordinance if she bared her breasts while taking a shower in her home or in a public shower stall.
The learned circuit judge was eminently correct in declaring this ordinance unconstitutional as being void for vagueness. The final order of discharge in habeas corpus is therefore affirmed.
NOTES
[1] "It shall be unlawful for female waitresses, entertainers, or other employees of any public business to expose themselves above the waist to the extent that the breasts are bare or so thinly covered by mesh, transparent net, lawn skin tight materials which are flesh colored and worn skin tight, so as to appear uncovered.

It shall also be unlawful for any owner, manager or other employees of such an establishment to permit that described immediately above.
Any persons, firm or corporation violating any provisions of this section shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be punished by fine not exceeding $500.00 or by a jail sentence not exceeding 60 days or both in the discretion of the Municipal Court. Each day such violation is committed or permitted to continue shall constitute a separate offense and shall be punishable as such."
[2] The petitioner also filed a suggestion for a writ of prohibition against the respondent-appellant Judge of the Miami Springs Municipal Court [William Fann] seeking to prohibit the petitioner's trial in which she was charged with violating the said municipal ordinance. This suggestion was dismissed as moot when the habeas corpus petition was granted and is not the subject of this appeal.