371 So.2d 1032 (1978)
4245 CORPORATION, Mother's Lounge, Inc. and Cheetah, III, Inc., Petitioners,
v.
DIVISION OF BEVERAGE, Respondent.
No. FF-381.
District Court of Appeal of Florida, First District.
July 18, 1978.
*1033 Jennifer Hurst of Tobias Simon, P.A., Miami, for petitioners.
Dennis E. LaRosa, Tallahassee, for respondent.
MELVIN, Judge.
Petitioners, 4245 Corporation, Mother's Lounge, Inc., and Cheetah, III, Inc., bring their petition seeking to overturn the final order of the Division of Administrative Hearings that upheld the validity of a proposed rule of the Division of Beverage. The challenged Rule No. 7A-3.44 relates to "Entertainers, Attire and Conduct" in places of business licensed under the provisions of the beverage law, Division of Beverage. We have jurisdiction. See 4245 Corp., Mother's Lounge v. Div. of Beverage, 348 So.2d 934 (Fla. 1st DCA 1977).
In summary, the proposed rule would forbid any licensee, holding a license under the Division of Beverage, to permit any person on the licensed premises to engage in certain sexual activity or to appear or entertain in a nude or semi-nude state. The proposed rule is set forth in an appendix to this opinion.
Petitioners urge this Court to cast aside the proposed rule as being in violation of their rights under the Constitution of the United States. The petitioners further urge that the proposed rule is invalid in that it exceeds the authority delegated by the Legislature of Florida to the Division of Beverage.
We do not reach the question of the constitutionality of the proposed rule. The proposed rule is invalid as being beyond the scope of authority that the Legislature has granted to the Division of Beverage.
The necessity for, or the desirability of, an administrative rule does not, of itself, bring into existence authority to promulgate such rule. While the Division may well be lauded for its effort to curb the type of gross immoral conduct such proposed rule would prohibit, the Division must first be vested with a valid legislative delegation of regulatory power accompanied by identifiable standards for its exercise. The Division of Beverage is an arm of the executive branch of our State. It may not, therefore, exercise any power properly belonging to the legislative branch unless it is first, by the legislature, duly authorized to do so.
1 Fla.Jur.2d Administrative Law, § 48, relating to rulemaking power provides, in part:
"The rulemaking power which the legislature may validly delegate to administrative agencies must be and is limited by the statute conferring the power. Administrative agencies, when empowered to do so, may make and enforce regulations to carry out powers definitely conferred on them, but they are not permitted to do more. The legislature cannot clothe them with more, and neither may they assume to do more. While an administrative agency may regulate, it may not legislate unless so authorized by the Constitution. Its power to adopt rules and regulations is limited to the yardstick laid down by the legislature. Moreover, the rules and regulations enacted by administrative agencies must be reasonable." (Emphasis supplied)
Thus, it is necessary to examine the statutory authority of the Division to enact the proposed rule.
The Division correctly states that it is empowered with rulemaking authority pursuant to Section 561.11, Florida Statutes (1975), which provides:
"(1) The division shall have full power and authority to make, adopt, amend or repeal rules, regulations, or administrative orders to carry out the purposes of the beverage law."
The Division further cites as authority Section 561.02, Florida Statutes (1975), which provides, in pertinent part that the Division of Beverage shall:

*1034 "... supervise the conduct, management, and operation of the manufacturing, packaging, distribution, and sale within the state of all alcoholic beverages and shall enforce the provisions of the Beverage Law and rules and regulations of the division in connection therewith." (Emphasis supplied)
An examination of the Beverage Law: Chapter 561 (Administration); Chapter 562 (Enforcement); Chapter 563 (Beer); Chapter 564 (Wine) and Chapter 565 (Liquor) reveals a comprehensive series of statutes relating to the Division's authority to issue, approve transfers of, renew, revoke and suspend beverage licenses. Further, the statutes provide for the prohibition of the sale of alcoholic beverages to minors, regulation of the hours of sale, penalties for the possession of untaxed alcoholic beverages and penalties for adulterating liquor. A thorough examination of the Beverage Law, however, does not reveal any statute of the requisite specificity remotely granting the Division the authority to regulate dress, or lack thereof, as an incident to supervising the conduct or management of licensed establishments. Absent such authority, the Division, by adoption of the proposed rule, would invade the field of the legislature, which it is proscribed from doing. The Florida Supreme Court has pronounced the rule:
"The legislature may not delegate the power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying a law; but it may enact a law, complete in itself, designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose." State v. Atlantic Coast Line Ry. Co., 56 Fla. 617, 47 So. 969, at 976 (1908). (Emphasis supplied)
Should the legislature desire to grant to the Division of Beverage the authority to regulate the subject of conduct and dress of entertainers on licensed premises, it may do so by legislation, containing ascertainable standards, directing the Division to oversee such areas. See Cross Key Waterways v. Askew, 351 So.2d 1062 (Fla. 1st DCA 1977). Absent such authority, the Division may not, by rule, require licensed employees to wear tuxedos, evening gowns, casual or sport clothes, or any type of dress, or by rule measure the quantity, or lack thereof, of dress, or specify the color scheme of the exterior or interior of the licensed premises.
We note that the activities the proposed rule would forbid are among those that the Legislature of Florida has already condemned as violative of the criminal laws of this State.
In summary, we decline to rule on the constitutionality of proposed Rule 7A-3.44 having determined that the same was promulgated without valid legislative authority.
Accordingly, the prayer of the petition for review is GRANTED and Rule 7A-3.44 purporting to regulate entertainers, attire and conduct is QUASHED.
ERVIN, J., concurs.
SMITH, Acting C.J., dissents with an opinion.

APPENDIX

7A-3.44 ENTERTAINERS, ATTIRE AND CONDUCT
 (1) No licensee shall permit any person to perform acts of or
acts which simulate:
 (a) Sexual intercourse, masturbation, sodomy,
 bestiality, oral copulation, flagellation or any
 sexual acts which are prohibited by law.
 (b) The touching, caressing or fondling of the anus,
 vulva or genitals.
 (2) No licensee shall permit any person to use artificial
devices or inanimate objects to depict any of the prohibited
activities described above.
 (3) No licensee shall permit the displaying of films, still
pictures, electronic reproduction or other visual reproduction
depicting
*1035 acts of a live performance of which is prohibited by this rule.
 (4) The encouraging or permitting of any person on the licensed
premises to touch, caress or fondle the breasts, buttocks, anus
or genitals of any entertainer, employee, servant, or agent of
the licensee is prohibited. The encourageing (sic) or permitting
of any entertainer, employee, servant, or agent of the licensee
by any such person to touch, caress, or fondle the breasts,
buttocks, anus, or genitals of any other person on the licensed
premises is prohibited.
 (5) It is prohibited to employ or use any person in or upon a
licensed premises while such person is unclothed or in such
attire, costume or clothing, as to expose to view any portion of
the pubic hair, anus, vulva, or genitals.
 (6) No entertainer, employee, servant or agent of the licensee,
while not performing or entertaining as prescribed by this rule,
shall mingle or perform services for or with patrons as any host,
hostess, waiter, or waitress unless clothed as to cover from view
the pubic hair, anus, vulva and genitals.
 (7) The prohibitions contained in this rule are not intended to
permit or encourage activities that are not otherwise permitted
by the law or under local community standards.
 (8) If any provision of this rule or the application thereof to
any person or circumstances is held invalid, such invalidity
shall not affect the other provisions or application of the rule
which can be given effect without the invalid provision or
application and, to this end, provisions of this rule are
severable.
Specific Authority 561.11 FS. Law Implemented 561.02, 561.07,
561.08, 561.11, 561.29(1)(a) FS. History-New  76.

SMITH, Acting Chief Judge, dissenting:
I cannot equate the Division's proposed rule 7A-3.44 to a hypothetical one requiring licensees' employees to wear tuxedos and evening gowns, or specifying the color scheme of the licensed premises. This rule deters entertainers and other licensees' employees from sexual intercourse, masturbation, and other actual or simulated sexual conduct with each other or with patrons. This rule advises licensees that their licenses will be revoked for permitting employees to expose their sexual organs while entertaining or serving alcoholic drinks to patrons. Though the rule in certain parts is susceptible to an overbroad interpretation, which conceivably could prohibit dancing by fully clothed patrons, the rule's title and other provisions restrict its application to entertainers and other employees in their relations with patrons. The Division of Beverage so reads the rule, as evidenced by the hearing officer's order and by Division submissions to this court. The Division does not claim for itself authority to apply the rule absurdly; and, if it should later do so in license revocation proceedings, the district courts of appeal will no doubt intervene. Section 120.68, Florida Statutes (1977).
The majority have not reached the constitutional issues. Nor do I, except to say that Florida has a constitutionally legitimate interest in regulating sexual conduct on premises where the sale of alcoholic beverages is licensed, California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), and that any rule which unlawfully impinges First Amendment or other constitutional rights may, like any overbroad statute, be judicially narrowed in application. See White v. State, 330 So.2d 3 (Fla. 1976).
What the majority finds wanting is legislative authority for this kind of regulation. I find such authority in Sections 561.02 and 561.11, Florida Statutes (1977), quoted in the majority opinion, and more particularly in Section 561.29, which the majority opinion does not mention. The latter statute authorizes the Division to revoke or suspend the license of any licensee for
(a) Violation by the licensee or his or its agents, officers, servants, or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of this state or of the United States, ... or engaging in *1036 or permitting disorderly conduct on the licensed premises... .
If subject to constitutional limitations the state has power to prohibit and criminally punish disorderly conduct on the public streets, see White v. State, supra, it assuredly has authority to prohibit that conduct by alcoholic beverage licensees. In my view the legislature has done precisely that, and has authorized the Division, its enforcement agent, to promulgate more specific standards by rulemaking. That, clearly, is what the Division has sought to accomplish. We have repeatedly held that rulemaking such as this, providing notice of how an agency proposes to apply particularly a broad statutory standard, is a priority goal for all state agencies. Chapter 120, Florida Statutes (1977); McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). By invalidating this rule as without legislative authority, notwithstanding its relationship to Section 561.29, the court casts doubt on whether the Division may apply the "disorderly conduct" standard in the other, less preferable, fashion, by case-to-case adjudication. Sections 120.57, 120.60, Florida Statutes (1977).
I do not think Cross Key Waterways v. Askew, 351 So.2d 1062 (Fla. 1st DCA 1977) is authority for the majority's decision. On the contrary, Cross Key stated, concerning general legislative standards far less susceptible to administrative and judicial application than "disorderly conduct," that
Such approximations of the threshold of legislative concern are meaningful in common parlance; they are a practical necessity in legislation regulating complex subjects; and, above all, they are now susceptible to refinement by policy statements adopted as rules under the 1974 Administrative Procedure Act, Chapter 120, and as so refined are judicially ascertainable and enforceable. [351 So.2d at 1069.]
I therefore dissent.