413 So.2d 774 (1982)
Nancy Lynn MARRS and George Rudolph, Appellant,
v.
STATE of Florida, Appellee.
No. AD-358.
District Court of Appeal of Florida, First District.
March 22, 1982.
Rehearing Denied May 27, 1982.
*775 J. David McFadden, Daytona Beach, for appellant.
Stephen Preisser, Asst. State Atty., Pensacola, for appellee.
PER CURIAM.
Petitioners were adjudicated guilty, after pleading nolo contendere, of violating Escambia County Ordinance 76-1, Section 4. Their conviction in the Escambia County Court was affirmed by the Circuit Court without opinion. They now petition this Court for a writ of certiorari. We have jurisdiction. Art. V, § 4(b)(3), Fla. Const. (1972); Fla.R.App.P. 9.030(b)(2)B.
Petitioners were charged with a violation of Escambia County Ordinance 76-1, Section 4, which provides:
It shall be unlawful for any owner, operator or person in charge of any commercial establishment within Escambia County, Florida, to knowingly permit, encourage, induce or in any manner promote the unlawful exposure or exhibit of the sexual organs, genitals, buttocks, or breasts of any person, whether such parts are covered or uncovered, within the confines of such commercial establishment.
After their motion to dismiss attacking the constitutionality of the statute was denied, the petitioners pled nolo contendere to the charge, reserving their rights for appellate review.
Doubtless, an ordinance or statute is presumed to be constitutional. However, it is well settled that the language of a statute or ordinance must convey a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. Zachary v. State, 269 So.2d 669 (Fla. 1972). When people of ordinary intelligence must necessarily guess at its meaning and differ as to its application, the statute or ordinance violates the due process clause of the 14th Amendment to the United States Constitution and Article I, Section 9, of the Florida Constitution (1968). Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); State ex rel. Lee v. Buchanan, 191 So.2d 33 (Fla. 1966). In view of the foregoing principles, we must conclude that this ordinance does not pass constitutional muster.
In reaching this conclusion we note the rather succinct observation made by Judge Hubbart of the Third District Court of Appeal regarding a somewhat similar municipal ordinance:[1]
In view of the scanty female apparel which is now socially acceptable in public particularly on beaches, the description of the type of clothing forbidden by this ordinance is extremely unclear. Moreover, the ordinance does not limit the proscribed acts as to place.
Steffens v. State ex rel. Lugo, 343 So.2d 90, 91 (Fla. 3rd DCA 1977). The Escambia County Ordinance suffers from the same infirmities. It, too, is rather vague as to the type of clothing forbidden. Additionally, it does not limit the proscribed acts sufficiently as to place. Here, too, a woman might very well be in violation of the ordinance if she bared her breasts while taking a shower in a public shower stall at a spa or a gym or, conceivably, while undergoing an examination at a doctor's office. *776 Compare Hoffman v. Carson, 250 So.2d 891 (Fla. 1971), appeal dismissed, 92 S.Ct. 453, 404 U.S. 981, 30 L.Ed.2d 365 (1971) (Proviso in Section 800.03, Florida Statutes, that: "This act shall not be construed to prohibit the exposure of such organs or the person in any place provided or set apart for that purpose," sufficiently restricts the application of the statute so as to bring it within common understanding.)
Accordingly, we hold that Escambia County Ordinance 76-1, Section 4 is unconstitutional as being void for vagueness. The petition for writ of certiorari is GRANTED, and this cause is REVERSED and REMANDED to the Escambia County for further proceedings consistent with this opinion.
SHAW, JOANOS and THOMPSON, JJ., concur.
NOTES
[1] It shall be unlawful for female waitresses, entertainers, or other employees of any public business to expose themselves above the waist to the extent that the breasts are bare or so thinly covered by mesh, transparent net, lawn skin tight materials which are flesh colored and worn skin tight, so as to appear uncovered.

It shall also be unlawful for any owner, manager, or other employees of such an establishment to permit that described immediately above ...