449 So.2d 323 (1984)
Leonard DEL PERCIO and Laura Iris Moore, Petitioners,
v.
The CITY OF DAYTONA BEACH, Respondent.
Nos. 83-155, 83-231.
District Court of Appeal of Florida, Fifth District.
March 29, 1984.
Rehearing Denied May 2, 1984.
Eric A. Latinsky, Ormond Beach, for petitioners.
Frank B. Gummey, III, Robert G. Brown and Reginald E. Moore, Daytona Beach, for respondent.
DAUKSCH, Judge.
This matter is before us upon a petition for writ of certiorari to the circuit court which, acting in its appellate capacity, declared a city ordinance constitutional and upheld convictions of petitioners for having violated the ordinance. We issue the writ, quash the order declaring the ordinance constitutional, reverse the convictions and declare the following Daytona Beach Ordinance Number 81-334, creating Section 5-25 of the City Code, to be vague, overbroad, not fairly enforceable, and thus unconstitutional. The portions of the ordinance at issue provide:
(b) No female person shall expose to public view any portion of her breasts below the top of the areola or any simulation thereof in an establishment dealing in alcoholic beverages.
.....
(d) No person maintaining, owning or operating an establishment dealing in alcoholic beverages shall suffer or permit any female person to expose to public view any portion of her breasts below the top of the areola or any simulation thereof within the establishment dealing in alcoholic beverages.
If legislation, in the form of a statute or ordinance, is vague, open to interpretation *324 which could lead to prosecution for "innocent" conduct; if it is legislation not easily interpreted by reasonable persons and leaves unbridled discretion to police and judicial officers, then it is violative of constitutional standards. Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); Zachary v. State, 269 So.2d 669 (Fla. 1972); State v. Buchanan, 191 So.2d 33 (Fla. 1966); Marrs v. State, 413 So.2d 774 (Fla. 1st DCA 1982); Steffens v. State, 343 So.2d 90 (Fla. 3d DCA 1977).
It is the duty of the legislative body, here the city commission, to define as clearly and succinctly as possible what conduct the ordinance intends to proscribe. The ordinance in this case can be and has been variously interpreted by the circuit and county court in Volusia County. The record shows that the phrase prohibiting exposure of any portion of the breast below the top of the areola has been interpreted by learned, experienced, reasonable judges as follows.
Three of the lower court orders (entered by Volusia County Judge McDermott) interpret Section (b) of the ordinance to require a female person to expose at least a portion of her areola to the public view in order to be in violation. With this limitation engrafted, the court found Section (b) of the ordinance not unconstitutionally vague or overbroad in those cases.[1] Judge McDermott also stated in The City of Daytona Beach v. Young, that an Orange County circuit court had construed the phrase "at or below the areola thereof" in a similar ordinance to require only that the areola itself be covered. In that case (Spees v. State, Orange County Circuit Court Case No. CJAP 78-72), the court stated that it interpreted the phrase to mean "from the upper portion of the areola to the bottom of it on each breast." The court also stated that "[t]his would not require a covering on a line running from the top of one areola across to the top of the other" since "[t]hat interpretation would require more covering than is presently seen on our beaches or behind ski towboats."
In a later order written by Judge McDermott, entitled Final Order of Disposition (combining several cases, including one on review here)[2] another interpretation of Section (b) is provided. In this order, the court "clarified" the previous orders because the defendants in this case were only using "pasties" on the areolae and allowing the remainder of their breasts to be exposed. Judge McDermott now ruled that "the areola must be concealed by a brassiere-type cover made of an opaque fabric which does not and cannot adhere directly to the breasts without the aid of supporting straps, for a defendant to be found not to have violated" the pertinent subsection of the ordinance.
One of the defendants in the preceding case appealed to the circuit court (Keiser v. The City of Daytona Beach, Circuit Court Case No. 83-3161-CA-01-D) and that court found that the ordinance must be read so that it prohibits exposure of breasts as described in the ordinance, but without extending the prohibition to include those types of attire which are commonly accepted by modern society. The circuit court held that Judge McDermott's interpretation of the ordinance to require a certain type of clothing (a brassiere-type top with straps) added terms to the ordinance which were not placed there by the city, bringing into the ordinance's prohibition many types of female attire which are commonly accepted by modern society. The circuit court found that the ordinance, as interpreted by the county court, was overbroad.
Another county court order which provided an interpretation of Section (b) (although *325 in dictum) was that entered in City of Daytona Beach v. Ducille and Grier, County Court Case Nos. V82-6886 DB and V82-6880 DB. Volusia County Judge Josephson stated: "At least the ordinance in question, by proscribing the exposure of breasts has a reference point by prohibiting the exposing of the breast `below the top of the areola.'" The court stated that this is a reasonable restraint and added "otherwise any person entering an establishment where alcoholic beverages are served and wearing a low cut dress would be subject to violation, having exposed the upper portion of her breast." The order did not consider the fact that some portion of the lower part of the breast may be exposed by some "low cut" dresses or other forms of attire.
Petitioners argue, reasonably, that they too are uncertain as to what conduct is permissible under the ordinance. For example, they argue and we accept that many modern-day bathing suits commonly worn in motel swimming pool and beach concession or bar areas, where alcoholic drinks are sold, reveal a portion of a female's breasts below the top of the areolae, either from a view of the side or the front, or both. Many halter tops, tank tops, tube tops and bikini tops, often worn by females in certain bars and other recreational areas serving alcoholic beverages, are so constructed that a lower portion of the breast may be partially exposed. Some evening gowns, split down the front or the sides, worn in style and considered acceptable by society, are also so revealing that they would probably violate the ordinance. The ordinance declares that any portion of the breast below the areola must not be exposed. We do not believe that the ordinance was intended to control all forms of attire where this exposure may occur (such as mentioned above), but the ordinance, as worded, does not make this clear. The ordinance is overbroad because it also bars acceptable, legitimate attire or conduct.
The behavior which we believe was intended to be, and should be, proscribed is topless dancing. There are legitimate public welfare and crime prevention interests to be served by disallowing this sometimes lewd conduct. Topless dancing, especially where alcohol is served, leads to other crimes.[3] Baser urges are excited through the use of alcohol, which releases inhibitions in some individuals. See New York State Liquor Authority v. Bellanca, 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981) (recognizing that nudity coupled with alcohol in public places begets undesirable behavior). So we agree with the city commission that governmental control is proper under the police power and there is no first amendment violation here. As in Fillingim v. State, 446 So.2d 1099 (Fla. 1st DCA 1984) (corrected opinion; original opinion at 8 F.L.W. 2947), we agree that the county's interest in regulating nude entertainment is unrelated to the suppression of free expression, since the ordinance does not impose a total ban on nude entertainment in the county, but is rather responsive to the problems associated with the combined uses of nudity and alcohol at commercial establishments, and, as such, represents a legitimate restriction on such entertainment. However, contrary to Fillingim, the record in this case shows that even learned trial judges have had to guess at the ordinance's meaning and have differed as to its application, rendering the ordinance unconstitutional.
In Fillingim, the court found that a similar ordinance was not unconstitutionally overbroad or void for vagueness, simply stating that the ordinance sufficiently defined and described its proscriptions in terms of place, type of conduct and the extent of exposure forbidden. Apparently, the court was not faced with a similar record of various interpretations by the lower courts of a particular proscription of the ordinance. In any event, the court in Fillingim provides no further explanation *326 or rationale for its decision and we do not find it persuasive in our holding as to the ordinance in this case.
Topless dancing can and should be controlled,[4] but the government must not subject innocent citizen behavior to prosecution by enacting an ordinance loosely drawn to permit policemen, prosecutors and judges to interpret and decide what behavior each of them would say is violative. As stated by the court in Marrs v. State, 413 So.2d 774, 775 (Fla. 1st DCA 1982)[5]:
[i]t is well settled that the language of a statute or ordinance must convey a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. When people of ordinary intelligence must necessarily guess at its meaning and differ as to its application, the statute or ordinance violates the due process clause of the 14th Amendment to the United States Constitution and Article I, Section 9, of the Florida Constitution (1968). Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); State ex rel. Lee v. Buchanan, 191 So.2d 33 (Fla. 1966). [Emphasis added].
Similarly, in Steffens v. State, 343 So.2d 90, 91 (Fla. 3d DCA 1977) the court recognized the foregoing principles and held that a municipal ordinance prohibiting "female waitresses, entertainers, or other employees of any public business to expose themselves above the waist to the extent that the breasts are bare or so thinly covered by mesh, transparent net, lawn skin tight materials which are flesh colored and worn skin tight so as to appear uncovered," was unconstitutional as being void for vagueness. The court also stated:
In view of the scanty female apparel which is now socially acceptable in public particularly on beaches, the description of the type of clothing forbidden by this ordinance is extremely unclear. Moreover, the ordinance does not limit the proscribed acts as to place. A female waitress might very well be in violation of this ordinance if she bared her breasts while taking a shower in her home or in a public shower stall.
Id.
We believe that the record before us in the case at bar shows that the ordinance in question (particularly that portion dealing with exposure of the breasts) omits certain necessary and essential provisions which would serve to impress the acts committed as being wrongful and criminal and "the courts are not at liberty to supply the deficiencies or undertake to make the ... [ordinance] definite and certain." State v. Buchanan, 191 So.2d 33, 36 (Fla. 1966). As stated by the Florida Supreme Court in Brock v. Hardie, 114 Fla. 670, 154 So. 690, 694 (1934):
We must apply our own knowledge with which observation and experience have supplied us in determining whether words employed by the statute are reasonably clear or not in indicating the legislative purpose, so that a person who may be liable to the penalties of the act may know that he is within its provisions or not.
We hold, as did the Court in Papachristou et al. v. City of Jacksonville, 405 U.S. 156, 162-163, 92 S.Ct. 839, 843-844, 31 L.Ed.2d 110 (1972), that
[t]his ordinance is void for vagueness, both in the sense that it "fails to give a person of ordinary intelligence fair notice *327 that his [or her] contemplated conduct is forbidden by the statute," United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, and because it encourages arbitrary and erratic arrests and convictions. Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093; Herndon v. Lowry, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066.
Although we recognize a certain amount of conflict with Fillingim v. State, 446 So.2d 1099 (Fla. 1st DCA 1984) (corrected opinion; original opinion at 8 F.L.W. 2947) in that an ordinance similar in wording to that in the case sub judice was found constitutional, we do not perceive an express or direct conflict for certification because we have not ruled upon the same ordinance and because we have before us a record demonstrating that persons in our community have had to guess at the meaning of the ordinance's proscription and differed as to its application. Accordingly, we find Daytona Beach Ordinance Number 81-334 to be vague and overbroad. We grant certiorari, quash the lower court order declaring the ordinance constitutional and remand this cause with directions to reverse the convictions.
Writ issued.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I dissent because the Daytona Beach ordinance is not facially unconstitutional, since it can be, (and should be, I submit) construed to avoid the extreme interpretations suggested as possible by the majority. Nor is the ordinance unconstitutional as applied in the instant cases because the dancers wore insufficient clothing above their waists to meet the requirements of the strictest interpretation of the ordinance. Varying interpretations of similarly worded ordinances by different lower court judges in this appellate district do not alter this record from that in Fillingim v. State, 446 So.2d 1099 (Fla. 1st DCA 1984). It just makes our job as an appellate court clearer: give the ordinance a permissible constitutional meaning.
Del Percio is the part owner of Function Junction, a lounge in Daytona Beach. On November 20, 1981, he was present in the lounge when, at approximately 7:50 p.m., the Function Junction stopped serving alcohol. Shortly thereafter, an employee of the lounge, Ms. Lois Young, appeared on stage, and danced without any covering over her breasts. Both Young and Del Percio were cited by Daytona Beach Police and given notices to appear. Del Percio subsequently filed a motion to dismiss raising the constitutionality of the ordinance, which was denied by the trial court. Del Percio then pleaded nolo contendere reserving his right to challenge the ordinance's constitutionality. On appeal, the circuit court affirmed without opinion his conviction, and he then filed a petition for writ of certiorari with this court pursuant to Florida Rule of Appellate Procedure 9.030(2)(B).
On December 9, 1981, Moore was left in charge of the Red Garter Club, a bar in Daytona Beach, by Mr. Chris Janise, the owner. While she was serving alcoholic beverages to customers at the bar, an employee of the club, Ms. Judy Grimes, danced on the stage for fifteen to twenty minutes with nothing over her breasts except strips of opaque tape that covered the areolae. Like Del Percio, Moore filed a motion to dismiss challenging the constitutionality of the ordinance. She was found guilty of the charge in a non-jury trial and assessed a five hundred dollar ($500.00) fine or a ten day jail term.
The portion of the ordinance involved in the Moore and Del Percio cases makes criminal the following conduct:
Section 1.(b) No female person shall expose to public view any portion of her breasts below the top of the areola or any simulation thereof in an establishment dealing in alcoholic beverages... .
(d) No person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any female person to expose to public view any portion of her breasts below *328 the top of the areola or any simulation thereof within the establishment dealing in alcoholic beverages.
Daytona Beach, Fl., Ordinance 81-334 (Oct. 21, 1981). Although ordinance 81-334 is commonly referred to as an anti-nudity dancing law, the conduct prohibited is the public exposure of a female's breasts in establishments which sell or permit the consumption of alcohol.

I.

FIRST AMENDMENT AND TWENTY-FIRST AMENDMENT

FEDERAL CONSTITUTION
The applicability of the twenty-first amendment as a basis for the ordinance in question must first be passed on in order to determine whether we must apply the strict scrutiny test used in cases where it is claimed first amendment rights are violated. Schad v. Borough of Mt. Ephraim, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981). I agree with our sister courts that under the Home Rule Act,[1] cities in Florida have been delegated all of the powers the state may have, and they may legislate on those subjects without an express delegation of power, so long as their ordinances do not conflict with state statutes, or purport to affect an area of law which has been preempted by general state legislation. City of Miami Springs v. J.J.T., Inc., 437 So.2d 200 (Fla. 3d DCA 1983); State v. Redner, 425 So.2d 174 (Fla. 2d DCA 1983); City of Miami v. Rocio Corporation, 404 So.2d 1066 (Fla. 3d DCA), petition for review denied, 408 So.2d 1092 (Fla. 1981); see City of Miami Beach v. Forte Towers, Inc., 305 So.2d 764 (Fla. 1974).
The State of Florida, under the twenty-first amendment to the United States Constitution, apparently has broad power to regulate conduct and dress in establishments where alcohol is served to the public. California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 390 (1972). The State of Florida has not seen fit to legislate in this area,[2] which means that such city ordinances do not conflict with state statutes, nor do they fall into a preempted area of state legislation. City of Miami Springs; Board of County Commissioners v. Dexterhouse, 348 So.2d 916 (Fla. 2d DCA 1977), approved in Martin v. Board of County Commissioners of Lee County, 364 So.2d 449 (Fla. 1978); see Nelson v. State, 157 Fla. 412, 26 So.2d 60 (1946).
An ordinance that completely bans nude dancing or entertainment within a city apparently violates the first amendment of the Federal Constitution. Schad; Doran v. Salem Inn, Inc., 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975); Erznoznik v. City of Jacksonville, 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975); Basiardanes v. City of Galveston, 682 F.2d 1203 (5th Cir.1982); San Juan Liquors v. Consolidated City of Jacksonville, 480 F. Supp. 151 (M.D.Fla. 1979). However, nude dancing may be limited and regulated as to time and place where such activities will be permitted within a city. Young v. American Mini Theaters, 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976). A prohibition which is limited to commercial establishments where alcohol is served for consumption on the premises has been held valid by the United States Supreme Court against first amendment challenge on the premise that the twenty-first amendment to the Federal Constitution grants states the power to completely prohibit the sale of alcohol. New York State Liquor Authority v. Bellanca, 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981).
In order to properly promulgate an ordinance under the twenty-first amendment which prohibits non-obscene conduct or expression otherwise within the penumbra of the first amendment, there must be a basis in the record justifying the need for the state's restrictions. In LaRue, there was extensive testimony in the record that the type of nudity and sexually explicit conduct prohibited had led to sordid and lewd conduct *329 in bars and nightclubs, and had been responsible for an increase in prostitution, rape, and assaults on police officers in the vicinity. The Court denied first amendment and fourteenth amendment protection to "that sort of bacchanalian revelries...." 409 U.S. at 118, 93 S.Ct. at 397.
In the Bellanca case, the Court upheld a New York statute that prohibited a female from exposing any part of her breast "below the top of the areola ..." in premises licensed to sell alcohol for consumption on the premises. 452 U.S. at 715 n. 1, 101 S.Ct. at 2600 n. 1. The Court based its holding on the justification for the statute contained in the New York State Legislative Annual. The legislature asserted that nudity coupled with alcohol in public places had resulted in undesirable behavior, "which is now quite out of hand." 452 U.S. at 260, 101 S.Ct. at 2601.
The record in this case contains no documentation of Daytona's need to impose the restrictions set forth in the ordinance. However, the ordinance itself contains a preamble similar to the one that passed muster in Bellanca:
It is hereby found that the acts prohibited in section one above encourage the conduct of prostitution, attempted rape, rape, murder, and assaults on police officers in and around establishments dealing in alcoholic beverages, that actual and simulated nudity and sexual conduct and the depiction thereof coupled with alcohol in public places begets undesirable behavior, that sexual, lewd, lascivious, and salacious conduct among patrons and employees within establishments dealing in alcoholic beverages results in violation of law and dangers to the health, safety, and welfare of the public, and it is the interest of this ordinance to prohibit nudity, gross sexuality, and the simulation and depiction thereof in establishments dealing in alcoholic beverages.
Preamble to the Daytona Beach Ordinance, supra.
I conclude that the ordinance, construed narrowly as I think necessary to avoid other constitutional challenges, is within the city's twenty-first amendment powers. Even though it may impinge to a degree on nude dancing, which is behavior that is within the protection of the first amendment and article I, section 4, of the Florida Constitution, cities may forbid nudity in establishments selling alcohol for consumption on the premises so long as there is a basis in the record to conclude that nudity in commercial enterprises where alcohol is consumed on the premises has led to conduct damaging to the public welfare, such as an increased incidence of serious crimes and nuisance type of behavior.

II.

DUE PROCESS FOURTEENTH AMENDMENT, FEDERAL CONSTITUTION

AND ARTICLE I, DECLARATION OF RIGHTS, FLORIDA CONSTITUTION
When an ordinance is brought under constitutional challenge, we must first determine if the petitioners raising the question have standing to do so. Unlike challenges under the first amendment where overbroad arguments can be asserted even though the challenger is outside of that amendment's protection,[3] challenges based on due process and other grounds do not generally allow a person clearly outside constitutional protections to raise such arguments which may be available to others.[4]
Petitioners argue that the ordinance is vague and therefore void because it is unclear to a female person in an underdressed condition which establishments she must refrain from entering. However, the City Code defines what is meant by an *330 "establishment dealing in alcoholic beverages:"
Any business or commercial establishment (whether open to the public at large or where entrance is limited by cover charge or membership requirement) including those licensed by the state for sale and/or service of alcoholic beverages and any bottle club; hotel; motel; restaurant; night club; country club; cabaret; meeting facility utilized by any religious, social, fraternal or similar organization; business or commercial establishment where a product or article is sold, dispenses, served or provided with the knowledge, actual or implied, that the same will be, or is intended to be mixed, combined with or drunk in connection or combination with an alcoholic beverage on the premises of said business or commercial establishment; or business or commercial establishment where the consumption of alcoholic beverages is permitted.
CITY OF DAYTONA BEACH, FLA., CODE § 5-1 (1971). The language is broad enough to encompass places it was not intended to reach, e.g., female guests in bikini bathing suits being served beers pool-side at a beachside hotel. However, in these cases the dancers performed in the Red Garter and the Function Junction. Both establishments are commercial bars or nightclubs, and are clearly targeted by the ordinance.
Petitioners also argue that the challenged portion of the ordinance which delineates the area of the breast which must be covered, "[a]ny portion of her breasts below the top of the areola ...," is unclear and vague as to the state of undress that will cause the ordinance to be violated. In Del Percio's case, the dancer wore nothing on her breasts, and under any interpretation of the ordinance her conduct was clearly prohibited. I would, therefore, affirm any conviction premised on her conduct. In Moore's case, the dancer covered only the areolae portions of her breasts. At the motion to dismiss the trial court ruled that the exposure of any lateral part of the breast below the top of the areola violated the ordinance.[5]
"Areola" is an accepted medical and scientific word. It is defined as "the darkened ring surrounding the nipple of a breast." Dorland's Illustrated Medical Dictionary 110 (26th ed. 1981). The problem with using this term in an ordinance is that although it is exact and precise,[6] it may be unknown to most adults at this time and place. However, Moore failed to put any proofs in the record concerning this fact, and she did not argue that she was unaware of the meaning of the term. Further, a similar ordinance using the term "areola" has been upheld against this constitutional attack. See City of Miami Springs.
I am more persuaded by Moore's argument that the wording "any portion ... below the top of the areola ..." is itself ambiguous, and, if interpreted literally, as the city argues and the trial court ruled, the ordinance would be violated if any lateral portion of a female breast were exposed below a straight line drawn across her chest from the top of each areola. The city agreed at oral argument that under this interpretation of the ordinance, ninety percent of women's current bathing suits, and many low-cut evening gowns and cocktail dresses currently in fashion would violate this ordinance. Of course, the city assured us, female patrons who innocently entered a bar to consume a beer, dressed in beach clothes, would not be prosecuted.
Were I to agree with the city's interpretation of the ordinance, I would have difficulty in upholding it against constitutional challenge. The ambiguity of where to draw the neckline, although amusing to many, cannot be tolerated because this is a criminal statute. As such it must be strictly interpreted, and it should give clear and *331 fair warning as to the conduct which it is meant to prohibit. Zachary v. State, 269 So.2d 669 (Fla. 1972); State v. Buchanan, 191 So.2d 33 (Fla. 1966); Marrs v. State, 413 So.2d 774 (Fla. 1st DCA 1982); Steffens v. State, 343 So.2d 90 (Fla. 3d DCA 1977).
The unconstitutionality of vague laws has long been recognized by our state supreme court and the federal Supreme Court. In Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972), Justice Marshall summarized the two rationales for this doctrine:
Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory, enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.
408 U.S. at 108-109, 92 S.Ct. at 2299.
Further, in light of the city's justification for its ordinance, I question whether it has the power under the twenty-first amendment and the fourteenth amendment to the Federal Constitution, as well as article I of the Florida Constitution, to make criminal the act of wearing garments which are common place and acceptable in current society. In City of Miami v. Kayfetz, 92 So.2d 798 (Fla. 1957), our state supreme court held unconstitutional as a violation of section I of the Florida Constitution, an ordinance which prohibited employees of bars from drinking any alcoholic beverages while they were on the premises where they were employed. The court said there was no rational connection between public health, morals, safety and general welfare and the ordinance which was designed to correct a condition which adversely affected the public good. The ordinance was too broad in its attack on a real problem (B-girls fraternizing with patrons), because it also prohibited acceptable and legitimate conduct.[7]
Recently our sister courts have invalidated, on similar grounds, city ordinances which barred minors from appearing in any public place from 10:00 p.m. to 5:00 a.m., S.W. v. State, 431 So.2d 339 (Fla. 2d DCA 1983), and from 11:00 p.m. to 5:00 a.m., W.J.W. v. State, 356 So.2d 48 (Fla. 1st DCA 1978). Both courts held that the ordinances were too broad a restriction on the inherent personal liberties of our citizens, which are guaranteed by article I of the Florida Constitution. As Judge Grimes said in S.W. v. State:
Government has a legitimate right to enact laws for the protection of minors, but such laws must reasonably relate to their purpose without unduly limiting individual freedoms.
Id. at 341.
In view of the substantial constitutional challenge to this ordinance, we should, if possible, seek to interpret it in such a way that avoids those problems.[8] In this case, a more limited interpretation of the challenged ordinance is possible. Some "topless" ordinances specify that part of the breast which cannot be exposed is any area at or directly below the top of the areola. See City of Miami Springs. Other ordinances with wording similar to Daytona's have been assumed to bar nudity as opposed to ordinary acceptable beachwear. See Bellanca; Grand Faloon Tavern, Inc. v. Wicker, 670 F.2d 943 (11th Cir.), cert. denied, 459 U.S. 859, 103 S.Ct. 132, 74 L.Ed.2d 113 (1982); Dexterhouse. I would construe this ordinance as barring only the exposure of the female breast encompassing the area of the areola and that portion of the breast directly below it. Based on this interpretation the dancer in Moore's case violated the ordinance and I would *332 affirm her conviction as well as Del Percio's.

III.

LEGALITY OF SENTENCE IMPOSED ON MOORE
A reversible error which did occur in Moore's case was that the trial judge imposed a fine on her of five hundred dollars ($500.00) or an alternative jail term primarily because she insisted on her right to trial and refused to enter a nolo contendere plea, as had the other defendants charged with the violation of the ordinance. The other defendants received no fines or penalties. In justifying this discrepancy the trial judge said:
In this particular instance, we have  rather I have before me the question of an individual who has not only previously maintained that this is an unconstitutional ordinance, but, that in spite of that argument, nevertheless, she is innocent of violating the ordinance.
However, a defendant's choice of plea or insistence on right to trial should play no part in the determination of her sentence by the trial judge. Gillman v. State, 373 So.2d 935 (Fla. 2d DCA 1979). For this reason, I would vacate the sentence imposed on Moore and remand her case to the lower court for resentencing. See State v. Smith, 360 So.2d 21 (Fla. 4th DCA), cert. denied, 366 So.2d 885 (Fla. 1978); Davis v. State, 277 So.2d 790 (Fla. 2d DCA 1973); Daniels v. State, 262 So.2d 725 (Fla. 3d DCA 1972).
For the reasons stated in this dissent, I would deny Del Percio's petition for certiorari, and grant Moore's petition, vacate the sentence imposed upon her, and remand her case to the trial court for resentencing.
NOTES
[1] The City of Daytona Beach v. Young, County Court Case No. V82-12100 DB; The City of Daytona Beach v. Grier, County Court Case No. V82-12397 DB; The City of Daytona Beach v. Del Pinto, County Court Case No. V82-13010 DB.
[2] City of Daytona Beach v. Moore, No. V83-4740 DB, Keiser, No. V83-4736 DB; Graham, No. V83-4734 DB; Davis, No. V83-4731 DB; Dalmer, No. V83-4730 DB; Del Percio, No. V83-4732 DB and V83-4733 DB; and Heiser, No. V83-4735 DB.
[3] Higher crime statistics are evident in areas where topless dancing and other sexual misconduct is extant (for example, New York's 42nd Street or Times Square, or even as close as Orlando's South Orange Blossom Trail).
[4] The City of Daytona Beach has controlled sign placements, apartment buildings and commercial developments through judicious zoning. Topless dancing can, and has been, like pornography, trash dumps, rendering plants, chemical waste disposal and other noxious behavior, controlled by proper zoning restrictions.
[5] In that case, a county ordinance which provided that "[i]t shall be unlawful for any owner, operator or person in charge of any commercial establishment to knowingly permit, encourage, induce or in any manner promote the unlawful exposure or exhibit of the sexual organs, genitals, buttocks or breasts of any person... within the confines of such commercial establishment" was held unconstitutional as being void for vagueness.
[1] Art. VIII, § 2(b), Fla. Const.; § 166.021(1), (2), Fla. Stat. (1981).
[2] See 4245 Corporation v. Division of Beverage, 371 So.2d 1032 (Fla. 1st DCA 1978).
[3] See Schad v. Borough of Mt. Ephraim, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981); Doran v. Salem Inn, Inc., 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975).
[4] See Young v. American Mini Theatres; 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976); Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); Basiardanes v. City of Galveston, 682 F.2d 1203 (5th Cir.1982).
[5] The attorney for the city argued the ordinance barred exposure of "any portion of the breast, left, right side of it... ." The trial court agreed with the city's construction.
[6] Cf. Marrs v. State, 413 So.2d 774 (Fla. 1st DCA 1982).
[7] See also Retail Credit Co. v. Dade County, 393 F. Supp. 577 (S.D.Fla. 1975); Hialeah, Inc. v. Gulf Stream Park Racing Assoc., 428 So.2d 312 (Fla. 4th DCA 1983).
[8] Erznoznik v. City of Jacksonville, 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975); State v. Cotney, 104 So.2d 346 (Fla. 1958); Foley v. State, 50 So.2d 179 (Fla. 1951).