BERANEK, Judge,
dissenting.
This matter is before the court on petition for common law certiorari to review an order of the Circuit Court acting in its appellate capacity. The Circuit Court affirmed the petitioner’s conviction of indecent exposure by wearing improper bathing attire in violation of a state park regulation designated as Rule 16-D 2.04(l)(e), Florida Administrative Code. The controversy is summarized in the first few paragraphs of the Circuit Court Judge’s order as follows:
[T]he precise question is whether or not a specific Rule of the Florida Administrative Code is sufficiently precise to inform the public and law enforcement officers of what is and what is not required of bathing costumes.
The language is as follows:
“In every bathing area all persons shall be clothed as to prevent any indecent exposure of the person. All bathing costumes shall conform to corn-monly accepted standards at all times.” [Rule 16-D 204(l)(e)]
Appellant correctly argues that better drafting would have produced a Rule requiring that breasts, genitalia and buttocks be covered by clothing sufficient to conceal them. So the question properly is whether or not this language is vague or is sufficiently clear for all reasonable persons to understand its meaning and requirements.
The defendant was arrested for violating the above park regulation because she was jogging wearing only a bathing suit bottom. She attacked the facial validity of the regulation. The trial court concluded that the regulation was not void for vagueness and the Circuit Court, in its appellate capacity, agreed. The majority has denied review. I disagree. The Fifth District Court of Appeal in Del Percio, et al, v. The City of Daytona Beach, 449 So.2d 323 (Fla. 5th DCA 1984), recently considered a much more definitive ordinance and found it constitutionally void for vagueness. Based upon the authorities cited therein, I would conclude that the present regulation is also constitutionally infirm. To say that all bathing suits must conform to commonly accepted standards is to leave the public and the police in total doubt as to what is commonly accepted. I suggest that we have finally arrived at the time in statutory evolution where the legislature and the state park authorities are capable of enunciating exactly what they mean in clothing and decency regulations. If topless jogging by a female is to be a crime when carried out in an area where such conduct has been commonly accepted, then the rule-making authority should say so in clear language.[1] I would hold the regulation to be vague and unenforceable.

. There was specific evidence offered in this case that nudity had been acceptable on this beach for many years before the incident in question.