## THOMPSON v STATE OF FLORIDA

## Case No. 88-3498-AC-A (County Court Case No. 88-78121-BX)

Eighteenth Judicial Circuit, Brevard County

June 27, 1989

### APPEARANCES OF COUNSEL

**Claire S. Myers,** Assistant Public Defender, for appellant.

Office of the State Attorney, for appellee.

Before RICHARDSON, MOXLEY, JAMIESON, JJ.

### OPINION OF THE COURT

EDWARD J. RICHARDSON, Circuit Judge.

The record reflects a "policy" of the Trial Court to impose the statutory minimum mandatory sentence to those who elect to plead guilty to driving under the influence (DUI). Only aggravating circumstances, such as personal injury and/or property damage, would cause the Trial Court to deviate from this sentencing policy. The imposition of the minimum sentence, after a jury trial, would be contrary to the Trial Court's normal policy.

The Appellant's choice of plea should *not* play any part in the determination of his sentence. *Gillman v State,* 373 So.2d 935 (Fla. 2d DCA 1979). Each criminal defendant has a sixth amendment right to

demand a jury trial. Any court-imposed penalty to those who elect to be tried by a jury is patently unconstitutional. A criminal defendant should not be subjected to a more severe sentence because he elected to plead not guilty and demand trial by jury. *Baker v U.S.*, 412 F. 2d 1069 (5th Cir. 1969); *Hankerson v State*, 326 So.2d 200 (Fla. 4th DCA 1976); *Davis v State*, 277 So.2d 790 (Fla. 2d DCA 1973).

In the instant case, the Trial Court imposed a more severe sentence than the statutory minimum mandatory. No aggravating circumstances were shown to exist. The Trial Court did not recite any reasons for the imposition of the more severe sentence save and except the aforesaid sentencing "policy." Clearly the Trial Court considered the Appellant's plea of not-guilty in the imposition of its sentence. Such a procedure or policy is contrary to the dictates of *Gillman v State*, supra.

For the reasons stated herein, the sentence imposed by the Trial Court is hereby vacated and this cause is remanded to the Trial Court for re-sentencing. REVERSED AND REMANDED. MOXLEY, J. Dean, JAMIESON, Frances A., RICHARDSON, Edward J., Judges concur.