PER CURIAM.
This is a petition for a writ of certiorari which seeks review of a final order of the circuit court sitting in its appellate capacity. The circuit court affirmed a final order of the Construction Trades Qualifying Board of Metropolitan Dade County which (1) found the petitioners Southeast Aluminum Supply Corporation, d/b/a Signs of All Kinds, Inc. [Southeast Aluminum], Wayne Frye and David Lennard, guilty of sixteen violations of Section 10-22(e) of the Metropolitan Dade County Code, and (2) suspended for one year the certificates of competency for the petitioners Southeast Aluminum and Wayne Frye, and levied fines against all the petitioners.
We grant the petition for a writ of certio-rari, quash the order under review, and remand the cause to the circuit court with directions to reverse the administrative convictions appealed from and to discharge the petitioners from the cause. We reach this result because we conclude that Section 10-22(e) of the Metropolitan Dade County Code, under which the petitioners were convicted, is unconstitutionally void for vagueness and overbreadth.
The aforesaid section of the county code provides:
“It shall be unlawful for any contractor, as defined by the chapter, operating anywhere within the county, or any partner, officer, director or qualifying agent of such a contractor, to commit any one or more of the following acts or omissions:
[[Image here]]
(e) Disregard or violate any county or Dade County municipal ordinance or state law pertaining to the contractor’s business or employee or regulating his work or providing safety and health regulations in the construction trades or for construction work.”
§ 10-22(e), Metro. Dade County Code.
This ordinance is nothing more than a catchall because it fails to specify with any *778 particularity the conduct proscribed by its provisions. It broadly prohibits a contractor from violating or disregarding “any county or Dade County municipal ordinance or state law pertaining to the contractor’s business” — whatever that might be. It, in effect, requires the contractor to read the Dade County ordinances and state statutes in their entirety, guess as to which ones pertain to the contractor’s business, and comply with them. Obviously, this is totally impermissible as the law is well settled that a penal statute, as here, which requires persons of ordinary intelligence to guess as to its meaning and differ as to its application is unconstitutionally void for vagueness and overbreadth. Linville v. State, 359 So.2d 450, 452 (Fla.1978); D’Al-emberte v. Anderson, 349 So.2d 164, 166 (Fla.1977); State v. Wershow, 343 So.2d 605 (Fla.1977); Marrs v. State, 413 So.2d 774, 775 (Fla. 1st DCA 1982); Steffens v. State ex rel. Lugo, 343 So.2d 90, 91 (Fla. 3d DCA 1977). Although it is certainly permissible for a penal statute or ordinance to incorporate other statutes or ordinances by reference, e.g., State v. Rodriguez, 365 So. 2d 157 (Fla.1978) (state and federal food stamp law incorporated); Hartnett v. Department of Ins., 432 So.2d 155, 156 (Fla. 3d DCA) (provisions of the insurance code incorporated), rev. denied, 440 So.2d 352 (Fla.1983), it is elementary that the statutes or ordinances thus incorporated must be described with some reasonable particularity so that a person of ordinary intelligence is properly advised what conduct is commanded or proscribed. See State ex rel. Lee v. Buchanan, 191 So.2d 33, 34-37 (Fla.1966); Locklin v. Pridgeon, 158 Fla. 737, 742, 30 So.2d 102, 103 (1947).
The petition for a writ of certiorari is granted, the order under review is quashed and the cause is remanded to the circuit court with directions to reverse the order appealed from and discharge the petitioners from the cause.
It is so ordered.