ON REHEARING
PER CURIAM.
Metropolitan Dade County has filed a motion for rehearing in which it takes issue with our statement that the petitioners were found “guilty of sixteen violations of Section 10-22(e) of the Metropolitan Dade County Code....” Southeast Aluminum Supply Corp. d/b/a Signs of All Kinds v. Metropolitan Dade County, 533 So.2d 777 (Fla. 3d DCA 1988). In support thereof, the county correctly points out that (1) in addition to a violation of Section 10-22(e) of the Metropolitan Dade County Code, the charging documents also allege a violation of Section 33-86 of the Metropolitan Dade County Code, and Sections 4505.-1, 4505.6 of the South Florida Building Code, adopted by Section 8-1 of the Metropolitan Dade County Code, and (2) the aforesaid additional sections proscribe with particularity specific acts relating to electric wiring and signs; based thereon, it is urged that the defendant was convicted under constitutionally valid ordinances. The fatal flaw in this argument, however, is that the aforesaid additional sections do not contain any penal provisions and, therefore, the petitioner could not possibly be convicted or punished for violating such sections. The only ordinance carrying a penal provision which the petitioner was charged with and convicted of was Section 10-22(e) of the Metropolitan Dade County Code — and, for the reasons previously stated, this ordinance is unconstitutionally void for vagueness.
Nor can it be said that the charging documents in this case save Section 10-22(e) from the vice of unconstitutional vagueness by particularizing the exact acts with which the petitioner was charged. This is so because it is well settled that an unconstitutionally vague penal ordinance, as here, cannot be made constitutional by specific factual allegations in the charging document. The leading case on.this point is Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939), which states the controlling law as follows:
“If on its face the challenged [penal] provision is repugnant to the due process clause, specification of details of the offense intended to be charged would not serve to validate it. [citations omitted]. It is the statute, not the accusation under it, that prescribes the rule to govern conduct and warns against transgression, [citations omitted]. No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes.”
Id. at 453, 59 S.Ct. at 619 (emphasis added).
The motion for rehearing is therefore
DENIED.