673 So.2d 538 (1996)
MOREY'S LOUNGE, INC., d/b/a Morey's Lounge, Appellant,
v.
STATE of Florida, DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, and State of Florida, Department of Management Services, Division of Administrative Hearings, Appellees.
No. 95-0156.
District Court of Appeal of Florida, Fourth District.
May 8, 1996.
*539 Craig A. Boudreau, West Palm Beach, for appellant.
Kathryn L. Kasprzak and Richard D. Courtemanche, Jr., Assistant General Counsel, Department of Business and Professional Regulation, Tallahassee, for appelleeDepartment of Business and Professional Regulation.
MAY, MELANIE G., Associate Judge.
This appeal challenges the constitutionality of section 561.29(1)(a), Florida Statutes (1993), under the void for vagueness doctrine and allegations of arbitrary enforcement by the Department of Business and Professional Regulation.
Appellant, Morey's Lounge, filed a complaint for declaratory and injunctive relief in response to the scheduling of an administrative hearing to impose penalties against Morey's for allowing employees to engage in lewd acts at the establishment.
The trial court denied the request for relief and found that the statute passed constitutional muster. We agree with the trial court and affirm. Section 561.29(1)(a) provides:
The division is given full power and authority to revoke or suspend the license of any person holding a license under the Beverage Law, when it is determined or found by the division upon sufficient cause appearing of:
(a) Violation by the licensee of his or its agents, officers, servants, or employees, on the licensed premises, or elsewhere while in the scope of employment, of any of the laws of this state or of the United States, or violation of any municipal or county regulation in regard to the hours of sale, service, or consumption of alcoholic beverages, or engaging in or permitting disorderly conduct on the licensed premises, or permitting another on the licensed premises to violate any of the laws of this state or of the United States: except that whether or not the licensee or his or its agents, officers, servants, or employees have been convicted in any criminal court of any violation as set forth in this paragraph shall not be considered in proceedings before the division for suspension or revocation of a license except as permitted by Chapter 92 or the rule of evidence. (Emphasis added).
Morey's Lounge takes issue with the phrase "any of the laws of this state or of the United States." In support of its position, Morey's Lounge relies upon the following cases: Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102 (1947); Southeast Aluminum Supply Corp. v. Dade County, 533 So.2d 777 (Fla. 3d DCA 1988); Linville v. State, 359 So.2d 450 (Fla.1978); and Cuda v. State, 639 So.2d 22 (Fla.1994). We find each of these cases distinguishable and none mandates reversal.
Locklin dealt with a provision different than that at issue here. In Locklin, the phrase "not authorized by law" was stricken as unconstitutional. 30 So.2d at 103-104.[1] The court in Southeast Aluminum found unconstitutional the wording "[d]isregard or violate any county or Dade County municipal ordinance or state law pertaining to the contractor's business or employee or regulating his work or providing safety and health regulations in the construction trades or for construction work". 533 So.2d at 778. Specifically, the phrase "pertaining to the contractor's business" caused the statute to be subject to interpretation, thereby creating *540 the unconstitutional vagueness. Linville found the term "chemical substance" to be vague and Cuda involved the terms "improper or illegal." These terms or phrases, while similar, are not the same as the language involved here and are not applicable.
There is no question that section 561.29(1)(a) is penal in nature as it authorizes revocation of Morey's occupational license. Buchman v. State Bd. of Accountancy, 300 So.2d 671 (Fla.1974). "State criminal statutes may be held void for vagueness under the due process clause where they either: (1) fail to give fair notice to persons of common intelligence as to what conduct is required or proscribed; or (2) encourage arbitrary and erratic enforcement." State v. Moo Young, 566 So.2d 1380, 1381 (Fla.1990); See Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). Section 561.24(1)(a) does not run afoul of either test.
Morey's argues that the statutory prohibition against "violating any of the laws of this state or the United States" is unconstitutional for failure to give fair notice. However, ignorance of the law is no defense. The Florida Bar v. Dubow, 636 So.2d 1287 (Fla.1994). We are all charged with knowledge of existing laws and that is all that this statute requires.
In addition, administrative regulations set forth parameters for the department in the regulation of the industry. The alleged acts in this case are specifically set out in those regulations providing notice to Morey's that such acts under Chapter 796 are subject to the penalties set forth. For this reason, Morey's argument must also fail. It is not so vague that persons of ordinary intelligence do not know what conduct is proscribed.
As to arbitrary enforcement, Morey's Lounge argues that the statute gives unbridled discretion to the Department of Business and Professional Regulation. This argument also fails.
Where the legislature authorizes an agency of the state to enforce a statute enacted under the police power, the legislature is not required to provide specific rules to cover all conceivable situations that may confront the agency. The discretion granted an agency in these situations must, however, be "sufficiently governed by the legislative standards as to constitute a judicially reviewable discretion."... Discretionary authority is necessary for agencies involved in the issuance of licenses and the determination of fitness of applicants for licenses.... This discretionary authority is particularly necessary where an agency regulates "occupations which are practiced by privilege rather than by right and which are potentially injurious to the public welfare."
Astral Liquors, Inc. v. Department of Business Regulation, 463 So.2d 1130, 1131-32 (Fla.1985) (citations omitted).
Historically, liquor licenses have been subject to strict regulation. City of Miami v. State ex rel. Green, 131 Fla. 864, 180 So. 45 (1938). The state has the "absolute power under the twenty-first amendment to prohibit totally the sale of liquor within its boundaries...." New York State Liquor Auth. v. Bellanca, 452 U.S. 714, 715, 101 S.Ct. 2599, 2600, 69 L.Ed.2d 357 (1981). The selling of liquor is a privilege, not a right; therefore, it is subject to the rules and regulations of the governing commission.
"One of the principle reasons underlying liquor license laws is to restrict liquor traffic to persons of good moral character who may be reasonably expected to keep their business free from greater vices, which have impelled restrictive legislation on the question." Permenter v. Younan, 159 Fla. 226, 31 So.2d 387, 390 (1947). For this reason, within constitutional bounds, great latitude is given to statutes involved in the regulation of this industry.
This statute regulates just such an industry. Selling liquor is a privilege; not a right. And, the Department of Business and Professional Regulation is given reasonable discretion to regulate. Accordingly, we hold the statute to be constitutional.
AFFIRMED.
STONE and KLEIN, JJ., concur.
NOTES
[1] The same phrase was upheld in State v. Rodriquez, 365 So.2d 157 (Fla.1978), based upon the context of its use.