THOMAS, J.
We have for review a final order entered by the Board of Dentistry (Board) finding that Appellant violated the standard of care provision contained in section 466.028(l)(x), Florida Statutes (2005). Because Appellant’s violation consisted only of improper recordkeeping, we reverse.
The Board prosecuted Appellant for violating section 466.028(l)(x), which permits disciplinary action for “failing to meet the minimum standards of performance in diagnosis and treatment ” (emphasis added). The Board alleged that Appellant violated the appropriate standard of care in both his treatment of a patient’s root canal and in his documentation of the care he provided. At the final hearing, the Administrative Law Judge (ALJ) determined that Appellant met or exceeded the standard of care for his actual treatment of the patient’s root canal, but that he violated section 466.028(l)(x) by failing to maintain adequate records associated with the treatment provided. Appellant argues that this ruling was in error, as any deficiency in recordkeeping does not affect a doctor’s diagnosis and treatment, and can only be prosecuted under section 466.028(l)(m), Florida Statutes (2005). Section 466.028(l)(m) generally provides that the *669 Board may discipline a dentist if he or she fails to keep written dental records justifying the course of treatment.
We note that an agency’s construction of a statute it is charged with administering is “entitled to great weight and will not be overturned unless clearly erroneous.” Dep’t of Natural Res. v. Wingfield Dev. Co., 581 So.2d 193, 197 (Fla. 1st DCA 1991) (internal citation omitted). However, the principles of statutory construction require reconciliation among seemingly disparate provisions of law in order to give effect to all parts of the law. Woodgate Dev. Corp. v. Hamilton Inv. Trust, 351 So.2d 14, 16 (Fla.1977).
The Board argues that particularly egregious recordkeeping violations could rise to the level of a “standard of care” violation. Because this interpretation renders subsection (m) useless, it is clearly erroneous. We believe there is a significant difference between improperly diagnosing a patient, which constitutes a subsection (x) violation, and properly diagnosing a patient, yet failing to properly document the actions taken on the patient’s chart, which constitutes a subsection (m) violation. We hold that the ALJ erred in finding Appellant guilty of violating section 466.028(l)(x), Florida Statutes (2005). Accordingly, we reverse the final order.
REVERSED.
BARFIELD and VAN NORTWICK, JJ., concur.