DAMOORGIAN, J.
 

 Manuel Fernandez appeals a final administrative order revoking his license to
 
 *1203
 
 practice as a registered nurse in Florida for violations of sections 464.018(l)(h) and (n), Florida Statutes (2008), and concurrently rules 64B9-8.005(l)(e), (2)(c), and (2)(n), Florida Administrative Code (2006). We affirm in part and reverse in part.
 

 By way of background, Fernandez was employed as a nurse at a health care facility where he had access to patients’ medications, including Heparin. While visiting his friend at a hospital, Fernandez took it upon himself to administer Heparin to his friend. It is undisputed that Fernandez was not employed at the hospital and was not authorized to possess or administer Heparin to his friend.
 

 Fernandez’s actions prompted the Department of Health (“Department”) to file a three count administrative complaint against Fernandez before the Board of Nursing (“Board”). The complaint alleged that Fernandez failed to meet minimal standards of acceptable and prevailing nursing practice (Counts I and II), and Fernandez engaged in unprofessional conduct (Count III). Because Fernandez only raises issues as to Counts I and II, we affirm Count III without discussion.
 

 Fernandez elected an informal hearing. By doing so, Fernandez admitted the factual allegations, seeking only to mitigate the penalties that might be imposed.
 
 See
 
 § 120.57(2), Fla. Stat. (2008). The Board adopted the findings of facts alleged in the complaint and concluded that Fernandez had violated sections 464.018(l)(h) and (n).
 
 [1]
 
 The Department recommended that the Board permanently revoke Fernandez’s license and assess costs in the amount of $2,952.98. The Board agreed and entered a final order adopting the recommendation, citing sections 464.018(2) and 456.072(2), Florida Statutes (2008),
 
 [2]
 
 as a basis for the penalty. This appeal follows.
 

 Fernandez argues that the penalty imposed is unlawful because the Department failed to comply with the legislative requirement that there be penalty guidelines in place pursuant to section 456.079, Florida Statutes (2008), so as to alert licensees of prohibited actions and to ensure consistency in penalties imposed.
 
 See Arias v. State, Dep’t of Bus. & Prof'l Regulation, Div. of Real Estate,
 
 710 So.2d 655, 658 (Fla. 3d DCA 1998). With respect to Count I, Fernandez is incorrect that rule 64B9-8.006, Florida Administrative .Code (2006), fails to provide penalty guidelines.
 
 [3]
 
 However, there is merit to Fernandez’s assertion that the disciplinary guidelines do not state a range of penalties for the alleged violation in Count II.
 

 Arias
 
 is instructive to the issues in this case. In
 
 Arias,
 
 the Department of Busi
 
 *1204
 
 ness and Professional Regulation filed an administrative complaint, claiming that Arias, a real estate agent, violated a statutorily imposed duty under federal and Florida law.
 
 See id.
 
 at 657. The Florida Real Estate Commission agreed and issued a final order suspending her real estate license and imposing a fine.
 
 See id.
 
 On appeal, Arias argued that the statutory provision, which created disciplinary guidelines in the context of business and professional regulation proceedings, did not specify a penalty guideline for a “duty imposed upon her ... by law.”
 
 Id.
 
 at 657-58. The Third District agreed and held that without any corresponding rule setting forth the range of penalties for the unlawful conduct proscribed in the statute, the real estate agent was not on notice of the penalties for which she could receive in an administrative proceeding.
 
 See id.
 
 at 659. The court explained that “the statutory language at issue in the instant case, combined with the total lack of guidelines for enforcement, left the licensee in a predicament ripe for arbitrary and erratic enforcement, and obviously provided no standards sufficiently governed by the legislature as to constitute a judicially reviewable discretion.”
 
 Id.
 

 In this case, unlike
 
 Añas,
 
 Count I adequately placed Fernandez on notice of the penalties that he could face for misappropriating drugs. Fernandez was charged with failing to meet minimal standards of acceptable and prevailing nursing practice in violation of section 464.018(l)(n) because he misappropriated drugs as defined by rule 64B9-8.005(2)(c).
 
 [4]
 
 The penalty range for misappropriating drugs is provided for in the guidelines of rule 64B9-8.006. The maximum penalty for a first time offense of misappropriating drugs is a fine, evaluation, and suspension, followed by a term of probation.
 
 See
 
 Fla. Admin. Code R. 64B9-8.006(3)(qq) (2006). However, the penalty imposed on Fernandez for Count I, permanent revocation, exceeded the penalty range specified in the guidelines.
 

 We acknowledge that section 456.079(3), Florida Statutes (2008), gives the Board discretion to depart from the guidelines and impose a harsher penalty when there are aggravating circumstances.
 
 See
 
 456.079(3), Fla. Stat. (2008);
 
 Lusskin v. Dep’t of Health,
 
 866 So.2d 733, 736 (Fla. 4th DCA 2004);
 
 Arias,
 
 710 So.2d at 659 (citing
 
 Criminal Justice Standards & Training Comm’n v. Bradley,
 
 596 So.2d 661, 663 (Fla.1992)). The final order on review does not articulate those “[circumstances which may be considered for purposes of mitigation or aggravation of [a] penalty.”
 
 See
 
 Fla. Admin. Code R. 64B9-8.006(5)(b) (2006). Accordingly, we reverse the penalty imposed on Count I and remand for a penalty consistent with the guideline. Our holding is without prejudice to the Board imposing a harsher penalty, provided it complies with section 456.079(3) and its own guideline.
 
 See
 
 Fla. Admin. Code R. 64B9-8.006(5)(b).
 

 With respect to Count II, we reach a different holding. Count II alleged that Fernandez failed to meet minimal standards of acceptable and prevailing nursing practice in violation of section 464.018(l)(n) because he exceeded the authority granted by his license, educational preparation, or nursing experience as defined by rule 64B9-8.005(2)(n).
 
 [5]
 
 Fernandez correctly
 
 *1205
 
 argues that there is no corresponding penalty guideline for the violation charged in Count II. This is precisely what occurred in
 
 Arias.
 
 Absent the penalty guidelines required by section 456.079, we are compelled by legislative mandate to reverse the penalty imposed for Count II.
 

 Affirmed in Part; Reversed in Part and Remanded for proceedings consistent with this opinion.
 

 WARNER and CONNER, JJ., concur.
 

 [1]
 

 . Section 464.018(l)(h) states that "[ujnpro-fessional conduct, as defined by board rule” is grounds for denial of a license or disciplinary action as specified in section 456.072(2), Florida Statutes (2008). § 464.018(l)(h), Fla. Stat. (2008). Section 464.018(l)(n) states that "[flailing to meet minimal standards of acceptable and prevailing nursing practice, including engaging in acts for which the licensee is not qualified by training or experience” is grounds for denial of a license or disciplinary action as specified in section 456.072(2). § 464.018(l)(n), Fla. Stat. (2008).
 

 [2]
 

 . Section 464.018(2) states that the "board may enter an order ... imposing any of the penalties in s. 456.072(2) against any ... licensee who is found guilty of violating any provision of subsection (1) of this section....” § 464.018(2), Fla. Stat. (2008). Section 456.072(2)(b) provides for the "suspension or permanent revocation of a license” for violations of any grounds set forth in section 456.072(1) or the applicable practice act. § 456.072(2)(b), Fla. Stat. (2008).
 

 [3]
 

 .Rule 64B9-8.006 provides the disciplinary guidelines, range of penalties, and aggravating and mitigating circumstances used by the Board in discharging its duties under sections 464.018 and 456.072. Fla. Admin. Code R. 64B9-8.006 (2006).
 

 [4]
 

 . Rule 64B9-8.005(2)(c) provides that failing to meet minimal standards of acceptable and prevailing nursing practice includes "[m]isap-propriating drugs.” Fla. Admin. Code R. 64B9-8.005(2)(c) (2006).
 

 [5]
 

 . Rule 64B9-8.005(2)(n) provides that failing to meet minimal standards of acceptable and prevailing nursing practice includes ”[p]rac-ticing beyond the scope of the licensee’s license, educational preparation or nursing ex
 
 *1205
 
 perience.” Fla. Admin. Code R. 64B9-8.005(2)(n) (2006).