FORST, J.
The Appellant, Manuel Fernandez, appeals the order of the Board of Nursing (“Board”), which revoked his nursing license after Fernandez admitted that he administered medication to a person who was not his patient. The Board had previously revoked Fernandez’s license and we reversed because the order did not comply with the relevant administrative rule and statute, which require articulation of aggravating circumstances before departing upward from a guidelines penalty. Fernandez v. Fla. Dep’t of Health Bd. of Nursing, 82 So.3d 1202 (Fla. 4th DCA 2012) (“Fernandez I”). On remand, the Board entered an order which made factual findings and considered applicable aggravating factors. Because one of these aggravating factors is not supported by any factual findings in the record, we remand for the Board to reconsider the penalty.
The factual background of this case is briefly set forth in Fernandez I. Fernandez was employed as a registered nurse and was working as a home health care provider. One of his patients had a prescription for Heparin and vials of that drug were in Fernandez’s car when he went to Miramar Memorial Hospital in order to visit a friend who had given birth the previous day to twins. Fernandez was not an employee of Miramar Memorial Hospital and had no right or authority to practice nursing there. Upon finding his friend in discomfort, Fernandez retrieved the Heparin from his car and administered *119 one or more syringes of Heparin (via foley catheter) to the patient. A nurse found the syringes in the garbage can of the patient’s room. The friend did not have a prescription or physician’s order for Heparin. Subsequently, after being confronted, Fernandez admitted that he administered one syringe of Heparin to the patient.
Subsequently, the Department of Health (“Department”) filed an administrative complaint against Fernandez before the Board. The Department alleged that Fernandez’s actions “violated section 464.018(l)(n), Florida Statutes (2008), for failing to meet minimal standards of acceptable and prevailing nursing practice, as further defined by Rule 64B9-8.005(2)(c)[1], Florida Administrative Code, to include misappropriating drugs.” In its original final order, the Board accepted the Department’s recommendation and entered an order permanently revoking Fernandez’s nursing license. An appeal to this court followed. As noted above, we reversed (Fernandez I).
Section 456.079(3), Florida Statutes (2008), gives the Board discretion to depart from the penalty guidelines set forth in rule 64B9-8.006, Florida Administrative Code (2006), and to impose a harsher penalty when there are aggravating circumstances. Fernandez I, 82 So.3d at 1204. The Board determined that five aggravating factors supported an upward departure penalty of license revocation. Fernandez argues that none of the grounds relied on by the Board to depart upward from the guidelines were supported by competent substantial evidence. However, the record and the Board’s findings provide support with respect to four of the aggravating factors.
Nonetheless, we find that one of the aggravating factors was not supported by competent substantial evidence. The Board recited as an aggravating factor “[t]he damage caused by Respondent’s violations.” The transcript of the hearing indicates this was based on speculation that the medication administered to the patient led to her subsequent medical distress. Yet, this “finding” is not supported by the competent substantial evidence in the record before us.
“This court cannot substitute its judgment for that of an administrative agency, charged with implementing and enforcing its own statute, when that agency has imposed a penalty within the permissible range of penalties.” Mendez v. Fla. Dep’t of Health, 943 So.2d 909, 911 (Fla. 1st DCA 2006). Moreover, a primary function of professional disciplinary boards is to determine the appropriate punishment for misconduct of the professionals regulated. Criminal Justice Standards Training Commn. v. Bradley, 596 So.2d 661, 663 (Fla.1992).
Although the Board may impose an upward departure penalty based on the aggravating factors supported by the record, see Fernandez I, 82 So.3d at 1204, it is unclear whether it would have revoked Fernandez’s license absent the finding that his actions caused damage to the patient. Accordingly, we remand for the Board to reconsider the penalty. See LaRossa v. Dep’t of Prof'l Regulation, Div. of Real Estate, 474 So.2d 322 (Fla. 3d DCA 1985) (remanding to agency for reconsideration of penalty where it was apparent that the agency relied in part on a finding the appellate court reversed).

*120
Affirmed in part, Reversed in part and Remanded for further proceedings consistent with this opinion.

LEVINE, J., and KLINGENSMITH, MARK W., Associate Judge, concur.

. Fernandez’s actions occurred when the 2006 version of the Rules were in effect. Rule 64B9-8.005 was amended in April of 2009; Rule 64B9-8.006 was amended in 2012.