DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARIE C. CADET,**
Appellant,

v.

**STATE OF FLORIDA, DEPARTMENT OF HEALTH,**
Appellee.

No. 4D17-3431

[October 17, 2018]

Appeal from the State of Florida, Department of Health, Board of Nursing; Joe R. Baker, Jr., Executive Director; L.T. Case No. 2016-21773 and License No. PN 5155755.

Luis A. Bonilla of Bonilla Law Associates, West Palm Beach, for appellant.

Christine E. Lamia, Chief Appellate Counsel, Tallahassee, for appellee.

DAMOORGIAN, J.

Appellant, Marie Cadet, appeals a final administrative order from the Department of Health, Board of Nursing ("the Board") revoking her nursing license. Because the undisputed evidence was insufficient to support a charge warranting revocation as a penalty, we reverse and remand for further proceedings.

Appellant was a Licensed Practical Nurse ("LPN") who worked for a nursing home. Following a medical incident, Appellant was transported from her home to an emergency room along with her medications as gathered by paramedics. Upon Appellant's arrival at the emergency room, a nurse inventoried Appellant's medications and noted that they contained several expired packs of non-narcotic prescriptions in other people's names. The emergency room reported this information to the Department of Health ("DOH") which commenced an investigation.

As part of its investigation, the DOH interviewed the emergency room nurse who inventoried Appellant's medication, the paramedics who transported Appellant, Appellant's employer, and Appellant. In her

interview, Appellant admitted that she took expired medications from her place of employment rather than disposing of them because she could not always afford her own medications. Based on its investigation, the DOH filed an administrative complaint against Appellant with the Board alleging that Appellant was subject to discipline for: 1) engaging in unprofessional conduct by misappropriating drugs under section 464.018(1)(h) of the Florida Statutes and Rule 64B9-8.005(2) of the Florida Administrative Code (Count I), and 2) failing to meet the minimal standards of acceptable and prevailing nursing practices under section 464.018(1)(n) of the Florida Statutes (Count II). Specifically, in Count I, the DOH alleged that Appellant "engaged in acts of misappropriating drugs," by "removing [the expired drugs] from" the nursing home where she worked. In Count II, the DOH alleged that Appellant "failed to meet the minimal standards of acceptable and prevailing nursing practice" by "failing to return [the expired drugs] to [the nursing home's] pharmacy."

Appellant did not respond to the DOH's complaint or attend the noticed hearing in front of the Board. Based on Appellant's failure to appear, the DOH's investigative report and exhibits were admitted into evidence and the facts set forth in the DOH's complaint were deemed admitted. The Board then found that Appellant engaged in unprofessional conduct under section 464.018(1)(h) and failed to meet the minimal standards of acceptable and prevailing nursing practices under section 464.018(1)(n). As a penalty, it revoked Appellant's nursing license. On appeal, Appellant argues that the evidence did not support the Board's legal conclusion that Appellant failed to meet the minimal standards of nursing practices under section 464.018(1)(n) of the Florida Statutes as alleged in Count II of the DOH's administrative complaint. Therefore, she argues that the Board violated her due process rights by imposing a higher than permissible penalty. Based on the governing statutes and regulations, we agree.[1]

The Florida Legislature has granted the Board the authority to adopt rules and implement the provisions of the Nurse Practice Act in order to ensure that "every nurse practicing in this state meets minimum requirements for safe practice." §§ 464.002, .006, Fla. Stat. (2016). To

---

[1] Although Appellant did not appear or make any arguments below, a due process violation in the administrative law context constitutes fundamental error which may be raised for the first time on appeal. *See Georges v. Dep't of Health,* 75 So. 3d 759, 762 (Fla. 2d DCA 2011); *Henderson v. Dep't of Health, Bd. of Nursing,* 954 So. 2d 77, 81 n.2 (Fla. 5th DCA 2007) (noting that "[m]atters not excepted to or raised properly before a licensing board may still be raised where an appellant can show . . . fundamental error").

that end, the Legislature also passed section 464.018, which outlines certain acts which "constitute grounds for denial of a license or disciplinary action" in the nursing license context. § 464.018, Fla. Stat. (2016). Based on the Legislature's delegation of authority, the Board has wide discretion in interpreting and enforcing section 464.018. *Sullivan v. Fla. Dep't of Envtl. Prot.*, 890 So. 2d 417, 420 (Fla. 1st DCA 2004). However, this discretion is not unfettered and courts are not required to defer to implausible and unreasonable interpretations as adopted by an administrative agency. *Id.* Further, because disciplinary statutes and rules are penal in nature, they must be construed strictly with any ambiguities resolved in favor of the licensee. *See State ex rel. Vining v. Fla. Real Estate Comm'n*, 281 So. 2d 487, 491 (Fla. 1973); *Bach v. Fla. State Bd. of Dentistry*, 378 So. 2d 34, 36 (Fla. 1st DCA 1980); *Lester v. Dep't of Prof'l & Occupational Regulations, State Bd. of Med. Exam'rs*, 348 So. 2d 923, 925 (Fla. 1st DCA 1977).

Here, based on Count II of the DOH's complaint, the Board found that Appellant was subject to discipline under section 464.18(1)(n) of the Florida Statutes for failing "to meet minimal standards of acceptable and prevailing nursing practice, including engaging in acts for which the nurse is not qualified by training or experience." Although there is no Board rule establishing what constitutes failing to "meet minimal standards" of nursing practice, the "practice of practical nursing" is statutorily defined as:

> [T]he performance of selected acts, including the administration of treatments and medications, in the care of the ill, injured, or infirm; the promotion of wellness, maintenance of health, and prevention of illness of others under the direction of a registered nurse, a licensed physician, a licensed osteopathic physician, a licensed podiatric physician, or a licensed dentist; and the teaching of general principles of health and wellness to the public and to students other than nursing students. A practical nurse is responsible and accountable for making decisions that are based upon the individual's educational preparation and experience in nursing.

§ 464.003(19), Fla. Stat. (2016).

In Appellant's case, nothing about the conduct the DOH alleged and proved as grounds for Count II had anything to do with the conduct outlined in the foregoing definition. The DOH did not allege or prove that Appellant improperly administered or failed to administer drugs, exceeded

3

the scope of her training, or did anything implicating patient care. Rather, the DOH's allegation of "failing to return" the drugs established that Appellant misappropriated the drugs by failing to return expired medications to her employer's pharmacy.

The act of "misappropriating drugs" is defined by Board rule as "unprofessional conduct," which in turn is grounds for discipline under section 464.018(1)(h) of the Florida Statutes. Fla. Admin. Code R. Rule 64B9-8.005(2) (2016). Unprofessional conduct by way of misappropriating drugs was the grounds for discipline alleged in Count I of the DOH's complaint. Thus, the grounds for discipline asserted in Count I totally encompassed the acts Appellant was alleged and proven to have committed.[2] *Barr v. Dep't of Health, Bd. of Dentistry*, 954 So. 2d 668, 668 (Fla. 1st DCA 2007) (holding that a dentist could not be disciplined both for failing "to meet the minimum standards of performance in diagnosis and treatment" and for a "records keeping violation" for conduct which was totally encompassed by the records keeping violation charge).

Based on the governing statutes and rules, the Board's finding that Appellant fell below the minimal standards of nursing practices by "failing to return" expired drugs to her employer's pharmacy was clearly erroneous. This error resulted in the revocation of Appellant's license, a higher than permissible penalty and, therefore, a violation of Appellant's due process rights. Fla. Admin. Code R. 64B9-8.006(3)(f)1. (2016) (providing that for the first offense of engaging in unprofessional conduct, the minimum penalty is a "[r]eprimand, $250 fine, and continuing

---

[2] Indeed, the Board's own rule history reflects that the misappropriation of drugs does not qualify as grounds for discipline under the failure to meet minimal standards provision. Prior to 2009, Rule 64B9-8.005 specified some acts that constituted failure to meet minimal standards of nursing practices, one of which was the misappropriation of drugs. Fla. Admin. Code R. Rule 64B9-8.005(2)(c) (2006). However, in 2009, the Board amended the rule by removing any reference to "failing to meet or departing from minimal standards of acceptable and prevailing nursing practice" and defined "misappropriating drugs" as unprofessional conduct instead. Fla. Admin. Code R. Rule 64B9-8.005(2) (2009). In doing so, the Board specified that the "purpose of the amendment [was] . . . to eliminate actions that constitution violations of specific provisions of Chapter 464 and Chapter 456." Vol. 35/08 Fla. Admin. Weekly (Feb. 27, 2009). In other words, by its own actions, the Board eliminated "misappropriating drugs" as a violation of the minimal standards provision contained in section 464.018(1)(n). It is also worth noting that when a misappropriation of drugs was classified as a standard of care violation, the maximum penalty for a first offense was a fine and suspension. *See Fernandez v. Fla. Dep't of Health, Bd. of Nursing*, 82 So. 3d 1202, 1204 (Fla. 4th DCA 2012).

education" and the maximum penalty is a "$500 fine and suspension with IPN evaluation or probation").  Accordingly, we reverse the Board's final order as it pertains to Count II of the DOH's administrative complaint, affirm the order as it pertains to Count I, and remand to the Board for reconsideration of Appellant's penalty.

*Reversed and remanded.*

CIKLIN and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

5