559 So.2d 82 (1990)
Patricia T. BERGSTROM, Appellant,
v.
Robert BERGSTROM, Appellee.
No. 88-3060.
District Court of Appeal of Florida, Third District.
January 30, 1990.
Rehearing Denied April 20, 1990.
Greene and Greene, and Cynthia L. Greene, Miami, for appellant.
Maurice Jay Kutner, Miami, and Carolyn W. West, Tallahassee, for appellee.
Before BASKIN, LEVY and GERSTEN, JJ.
PER CURIAM.
This is an appeal from a final judgment of dissolution of marriage. We reverse and remand.
Appellant, Patricia Bergstrom (wife), and appellee, Robert Bergstrom (husband), were married for twenty-one years and had six minor children at the time of the final hearing. Neither appellant nor appellee is employed. Their source of income is real estate holdings. As part of the final judgment, the trial court awarded the wife the marital home and lump sum alimony. The husband received all other assets.
The assets at the time of the final hearing consisted of six properties, valued at between $3,176,000 and $3,717,000, including the marital home, valued at between $840,000 and $1,000,000. The trial court awarded the wife the marital home and $144,000 in lump sum alimony. The husband received all other properties.
From the assets the husband received, he was obligated to pay the lump sum alimony, payable in four installments of $36,000 per year. In addition to the lump sum alimony, the husband was ordered to pay child support of $600 per month per child, private school tuition for one child, and two-thirds medical, dental, and orthodontic expenses. Taking the valuation of the properties most favorable to the husband, and deducting the obligations set forth by the trial court to be paid by him, the husband received properties valued at approximately $1,000,000 more than those received by the wife.
In distributing the assets in a dissolution of marriage, the trial court need not equalize the financial positions of the parties, but should insure that neither *83 spouse falls from prosperity to misfortune. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The concept of equitable distribution adopted by Canakaris has evolved into the general rule that asset distribution should be equal, unless there exist justifications for disparity. See Bobb v. Bobb, 552 So.2d 334 (Fla. 4th DCA 1989) and cases cited therein. See also Rodriguez v. Rodriguez, 550 So.2d 16 (Fla. 3d DCA 1989); Villaverde v. Villaverde, 547 So.2d 185 (Fla. 3d DCA 1989); Halberg v. Halberg, 519 So.2d 15 (Fla. 3d DCA 1987).
The trial court cited no justification for the disparate distribution nor is any justification evident from the record. Therefore, we reverse and remand for a more equitable distribution.