PER CURIAM.
We affirm the final judgment of dissolution, but reverse and remand that part of the trial court’s order distributing the marital assets and awarding the wife permanent alimony.
In a previous order, the court specifically found that the property settlement agreement entered into by the parties was obtained by the wife through deceit and should be set aside. We agree with the appellant-husband that although the final judgment of dissolution entered by the successor judge acknowledges that the settlement agreement was unenforceable, the court’s grossly inequitable distribution of the marital property effectively adopted the fraudulent settlement and must also be set aside. Bergstrom v. Bergstrom, 559 So.2d 82 (Fla. 3d DCA), rev. denied, 574 So.2d 139 (Fla.1990); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Williamson v. Williamson, 367 So.2d 1016 (Fla.1979). On remand the court should make specific findings regarding the disposition of proceeds from the sale of the parties’ *928 home and the basis for the distribution of marital property. § 61.075, Fla.Stat. (1991).
Reversed and remanded for an equitable distribution and reconsideration of alimony accordingly.