709 So.2d 192 (1998)
Neville Roy LAWRENCE, Appellant,
v.
Lourine Reynolds LAWRENCE, Appellee.
No. 96-3034.
District Court of Appeal of Florida, Third District.
May 6, 1998.
Marc H. Brawer, Ft. Lauderdale, for appellant.
Lourine Reynolds Lawrence, in proper person.
Before NESBITT, JORGENSON and GREEN, JJ.
PER CURIAM.
The former husband appeals the equitable distribution award made in the final dissolution judgment which purportedly gave the former wife seventy-five percent special equity in a Florida condominium as well as all of its furnishings, which apparently was the couple's only marital property. The judgment, however, contains no factual findings in support of this special equity award to the former wife as prescribed by section 61.075(3), Florida Statutes (1995). In the absence of such findings, we are unable to engage in any meaningful appellate review of this division of property and must accordingly reverse and remand for further proceedings on this issue. See Keaton v. Keaton, *193 634 So.2d 798, 799 (Fla. 4th DCA 1994) (failure to adhere to dictates of section 61.075(3) is reversible error); Collinsworth v. Collinsworth, 624 So.2d 287, 289 (Fla. 1st DCA 1993) (same); Prom v. Prom, 589 So.2d 1363, 1364 (Fla. 1st DCA 1991) ("[i]f the trial court decides to make an unequal division, the court should make findings which support its conclusion"); Bergstrom v. Bergstrom, 559 So.2d 82, 83 (Fla. 3d DCA 1990) ("[t]he concept of equitable distribution adopted by Canakaris has evolved into the general rule that asset distribution should be equal, unless there exist justifications for disparity").
Therefore, while we affirm the dissolution of the marriage, we reverse the equitable distribution award and remand for further proceedings consistent with this opinion.
Reversed and remanded with instructions.