SCHWARTZ, Chief Judge,
dissenting.
The only thing in issue at what amounted to the appellant’s sentencing hearing after a guilty plea — which, by statutory definition, could “not [involve] disputed issues of material fact,” § 120.57(2), Fla. Stat. (1997)[1] — was *289 the penalty to be imposed for his admitted violations. It is therefore inconceivable to me that section 120.57(2)(a)3[2] can refer to anything but the Board’s ruling on that penalty. Conversely, the contrary view — that the “written explanation” the agency must file refers solely and instead to its reasons for overruling an objection to “evidence” presented at the hearing — is wholly unacceptable. Since it means that the legislature has, for the first time in recorded legal history, not only required a tribunal to file a post-hearing written explanation of an evidentiary ruling, but that it has done so in a context in which neither an “objection” nor formal “evidence” [3] is likely even to exist, this construction renders the provision senseless, silly, or both. I thought we weren’t supposed to interpret statutes this way. Cooper v. Brickell Bayview Real Estate, Inc., 711 So.2d 258 (Fla. 3rd DCA 1998), and eases cited.
For these reasons, I believe that it was the Board’s statutory duty — minimal, but signifi-cantr-to provide some reasoned explanation for its departure from the agency’s recommendation as to the only question before.it. See Arias v. State Dep’t of Bus. & Prof'l Regulation, 710 So.2d 655 (Fla. 3d DCA 1998)(enforcing statutory requirements of standardized administrative penalties). As in the analogous case of the necessity for written reasons to support upward guideline departures, see State v. Colbert, 660 So.2d 701 (Fla.1995); Pierre v. State, 708 So.2d 1037 (Fla. 3d DCA 1998); Boynton v. State, 473 So.2d 703 (Fla. 4th DCA 1985), approved, 478 So.2d 351 (Fla.1985), cert. denied, 475 U.S. 1029, 106 S.Ct. 1232, 89 L.Ed.2d 341 (1986), I would therefore vacate that portion of the penalty imposed which is in excess of the agency’s recommendation. See also Lawrence v. Lawrence, 709 So.2d 192 (Fla. 3d DCA 1998)(vacating unequal equitable distribution for lack of written justification required by statute); Higgs v. Property Appraisal Adjustment Bd., 411 So.2d 307 (Fla. 3d DCA 1982)(reversing decision of Property Appraisal Board for failure to comply with statutory requirement to include written reasons for upholding or overturning appraiser’s determination); R.B.S. v. Capri, 384 So.2d 692 (Fla. 3d DCA 1980)(granting writ of ha-beas corpus for trial court’s disregard of statutory dictate to state findings and reasons for detention).

. (2) Additional procedures applicable to hearings not involving disputed issues of material fact. — In any case to which subsection (1) does not apply:
(a) The agency shall:
*289 1. Give reasonable notice to affected persons of the action of the agency, whether proposed or already taken, or of its decision to refuse action, together with a summary of the factual, legal, and policy grounds therefor.
2. Give parties or their counsel the option, at a convenient time and place, to present to the agency or hearing officer written or oral evidence in opposition to the action of the agency ... or a written statement challenging the grounds upon which the agency has chosen to justify its action or inaction.
§ 120.57(2)(a)l,2, Fla. Stat. (1997).

. 3. If the objections of the parties are overruled, provide a written explanation within 7 days.
§ 120.57(2)(a)3, Fla. Stat. (1997). ■

. Applying the principle that when' statutory "words have both a popular and a technical meaning, regard should be had to other parts of the statute to determine whether or not the popular meaning was intended by the legislature,” 49 Fla.Jur.2d Statutes § 135. (1984), it seems clear that the term "written or oral evidence," as used in section 120.57(2)(a)2, Florida Statutes (1997), refers to the popular meaning of that word rather than to its technical or legal sense. See The American Heritage Dictionary (1979) ("evidence n. 1. The data on which a judgment or conclusion may be based, or by which proof or probability may be established: fossilized evidence of climatic change. 2. That which serves to indicate or suggest: His reaction was evidence of guilt. 3. Law. The documentary of verbal statements and the material objects admissible as testimony in a court of law.”).