PER CURIAM.
Following dissolution of marriage, Former Husband appeals the trial court’s distribution of marital assets, raising six issues on appeal. We affirm the three issues concerning the trial court’s equitable distribution of assets of Former Husband’s alarm monitoring business, and we affirm the trial court’s equitable distribution of personal property and contents of a garage workshop without further discussion. Likewise, we affirm the trial court’s equitable distribution of the value of the garage workshop.
We find error, however, in the trial court’s failure to make specific findings of fact identifying marital and non-marital liabilities, as required by section 61.075(3). Failure to make these specific findings requires remand to the trial court for specific findings of marital and non-marital liabilities and designating which spouse shall be responsible for each liability, in accordance with section 61.075(3). Prom v. Prom, 589 So.2d 1363 (Fla. 1st DCA 1991); Lawrence v. Lawrence, 709 So.2d 192 (Fla. 3d DCA 1998).
We therefore remand the entire case to the trial court to make such revisions to the equitable distribution as may be necessary upon designating marital and non-marital liabilities between the parties.
BOOTH and BENTON, JJ., and SMITH, LARRY G., Senior Judge, CONCUR.